UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DENIS MATEO FLORES-CASTRO,

Petitioner,

v. Case No. 3:26-cv-2014-MMH-SJH

WARDEN, NORTH FLORIDA DETENTION FACILITY and U.S. ATTORNEY GENERAL,

Respondents.

---

**ORDER**

Petitioner Denis Mateo Flores-Castro, an immigration detainee, initiated this action by filing a pro se Petition for Writ of Habeas Corpus (Doc. 1) on August 5, 2026. Flores-Castro is a citizen of Honduras who entered the United States on April 22, 2019. Doc. 6-1 at 2. Flores-Castro was detained, and the Department of Homeland Security (DHS) issued a notice of expedited removal. Id. He asserted a fear of persecution or torture, which immigration officials found to be credible. Id. at 3. Therefore, on July 11, 2019, DHS issued Flores-Castro a notice to appear, placing him in full removal proceedings under section 240 of the Immigration and Nationality Act (INA) and directing that he appear before an immigration judge to show cause why he should not be removed from the United States. Doc. 6-2 at 1. He was then released on bond.

Doc. 6-3 at 1. On May 4, 2026, United States Immigration and Customs Enforcement detained Flores-Castro following a traffic stop. Doc. 6-1 at 2.

The crux of Flores-Castro's Petition is that he is not subject to mandatory detention under 8 U.S.C. § 1225(b). See Doc. 1 at 5–8. As relief, he seeks immediate release or an individualized bond hearing. Id. at 3. The Federal Respondent filed a Response (Doc. 6) asserting that Flores-Castro is detained under 8 U.S.C. § 1225(b)(1), which mandates that he be detained until the conclusion of removal proceedings. Id. at 2–3.

The Court finds that Flores-Castro is not properly detained under § 1225(b)(1) as the Federal Respondent contends. While § 1225(b)(1)(B)(ii) requires mandatory detention following a positive credible fear finding,[1] DHS chose not to enforce that provision and instead, released Flores-Castro on bond.

Indeed, the United States Court of Appeals for the Eleventh Circuit recently concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Flores-Castro, who was initially detained for expedited

[1] "If the officer determines at the time of the interview that an alien has a credible fear of persecution[,] . . . . the alien shall be detained for further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii).

removal proceedings but released on bond after a positive credible fear finding, its reasoning applies to this case. Flores-Castro was not seeking entry at the border when he was re-detained. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the INA). Thus, his detention is properly governed by § 1226.

Because the Court finds that Flores-Castro is not properly detained under § 1225(b)(1) as the Federal Respondent contends, and the Federal Respondent fails to address any alternative, the Court finds that release is the appropriate remedy. See Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, at *5 (M.D. Fla. Apr. 21, 2026) (finding immediate release to be the appropriate remedy based on the government's failure to argue in the alternative that petitioner would be subject to § 1226 and the government's inability to guarantee that a bond hearing would be held[2]).

---

[2] In the Fonseca case, the federal respondents represented that they would attempt to "facilitate" a bond hearing if the Court ordered one. Fonseca, 2026 WL 1072778, at *5. Here, the Federal Respondent did not include that statement in their Response. But the Court still finds that release is appropriate here. The Federal Respondent certifies that it is holding Flores-Castro under § 1225(b)(1), see Doc. 6 at 2, and the Court finds that § 1225(b)(1) does not apply. Thus, without any lawful basis for this detention, Flores-Castro is entitled to immediate release.

Accordingly, it is **ORDERED**:

1. Flores-Castro's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.[3] Respondents shall release Flores-Castro **within 24 hours of this Order**. At least **five (5) hours** before releasing him, Respondents shall provide Flores-Castro with access to a telephone to arrange transportation from the detention facility.

2. Respondent Warden's Motion to Dismiss (Doc. 5) is **DENIED**. See, e.g., Fonseca, 2026 WL 1072778, *4–5.

3. Flores-Castro's Emergency Motion to Expedite Consideration and for Release (Doc. 7) is **DENIED as moot**.

4. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 5th of October, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

---

[3] The Court need not address Flores-Castro's remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

Jax-9 9/16
c:
Denis Mateo Flores Castro, #A201558651
Counsel of record